Argued and submitted November 21, 1988, resubmitted In Banc February 14, affirmed June 14, reconsideration denied July 14, petition for review denied August 29, 1989
(308 Or 315)

STATE OF OREGON,
*Respondent,*

*v.*

RICHARD DENNIS SMITH,
*Appellant.*

(88CR-0344; CA A48237)

775 P2d 335

Kent W. Day, North Bend, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

ROSSMAN, J.

Buttler, J., dissenting.

## ROSSMAN, J.

Defendant appeals his conviction for possession of a controlled substance, ORS 475.992(4), contending that the trial court erred in denying his motion to suppress evidence seized and searched when the police conducted an inventory when he was booked into jail on another charge. We affirm.

At approximately 3:20 a.m. on February 4, 1988, defendant was arrested by Officer Schweitz of the Coos Bay Police Department for driving under the influence of intoxicants and while his license was suspended. He was taken to the Coos County Corrections Facility in North Bend, where Deputy Sheriff Brinkley searched defendant and found a black compact in one of his boots; he opened it, because he thought it contained drugs and because jail policy required him to open closed containers and inventory the contents to prevent claims from being made. When he opened the compact, he found what he believed to be cocaine.

The trial court found that defendant had no access to the container when Brinkley opened it, that Brinkley had time to apply for a search warrant and that the search at the jail was not incidental to defendant's original arrest. It held that the officer, while conducting the legitimate search of defendant's person pursuant to a jail inventory procedure, developed probable cause to arrest defendant for possession of drugs when he found the compact and that, although defendant had not been arrested on that charge, the search of the compact was incident to the "second" arrest.

The trial court was correct. "[I]f in the course of a proper inventory evidence of another crime is discovered, the evidence may be seized upon probable cause to believe that it relates to another crime." *State v. McCrory,* 84 Or App 390, 392, 734 P2d 359 (1987). The test for probable cause is "what this officer actually believed, based upon the underlying facts of which he was cognizant, together with his own training and experience." *State v. Owens,* 302 Or 196, 204, 729 P2d 524 (1986). In this case, the officer conducting the inventory had more than nine years of experience as a deputy sheriff, most of it as a corrections officer, and had been trained to recognize drug packaging. He testified that, while conducting bookings at the jail, he had found controlled substances in containers similar to defendant's compact at least one hundred times.

Additionally, defendant was concealing it. To an officer of Brinkley's training and experience, the black compact announced its contents. *See State v. McCrory, supra,* 84 Or App at 393.[1]

Citing *State v. Ridderbush,* 71 Or App 418, 692 P2d 667 (1984), defendant argues that, once a defendant has been handcuffed, placed in custody and taken to jail, a proper search incident to arrest has been concluded. Apparently, he reads *Ridderbush* as a blanket prohibition against the warrantless search of closed, opaque containers during an inventory. However, *Ridderbush* did not involve a situation in which the booking officer discovered facts giving him probable cause to believe that a second crime had been committed. Rather, it defined the point at which the search incident to the *original* arrest had concluded. 71 Or App at 423. Nothing in *Ridderbush* limits the search of containers made incident to an *ongoing* arrest. *See also State v. Owens, supra,* 302 Or at 201.

Affirmed.

**BUTTLER, J.,** dissenting.

Because I do not believe that the officers had authority to open (search) the black plastic compact, I dissent.

If the officers were authorized to open all containers found on defendant's person during the book-in inventory, that is the end of the inquiry. In *State v. Ridderbush,* 71 Or App 418, 692 P2d 667 (1984), we held that such authority does not exist under the Oregon Constitution as part of the inventory process, saying that an item should be inventoried "by its outward appearance; no closed, opaque container may

---

[1] In *McCrory,* an officer booking a defendant for assault found a paperfold or "bindle" in her jacket pocket. Without a warrant, the officer opened the paperfold and found a white powder that later proved to be methamphetamine. The court noted that, "[a]lthough *Owens* concerned a transparent container, its holding extends to those containers which otherwise 'announce their contents.' " 84 Or App at 393. Reasoning that, to an officer with sufficient training and experience in drug detection, the bindle announced its contents, the court held that the officer had probable cause to believe that the defendant was in possession of a controlled substance. 84 Or App at 394. That was true despite the fact that the paperfold could have been used to carry fish hooks or radish seeds, because "[p]robable cause * * * does not require absolute certainty." 84 Or App at 394. Given Brinkley's experience and training, the present case is indistinguishable from *McCrory.*

be opened to determine what, if anything, is inside it so that the contents may be inventoried in turn." 71 Or App at 426.

That is the present state of the law, unless, during the inventory process, probable cause develops that the arrestee has committed or is committing a crime other than the one for which he has been arrested and for which he is being booked into jail. I agree with the majority that, if that occurs, the officer may conduct a search incident to an arrest for the other crime, even though no arrest has been made at the time. *State v. Owens,* 302 Or 196, 729 P2d 524 (1986). The question here, then, is whether the officer had probable cause to believe that defendant was in possession of contraband when he found the compact during the inventory.

In *Owens,* the defendant was arrested for shoplifting and while the officer, incident to that arrest, was searching her purse for stolen objects, he found a clear vial of white powder, which he believed to be cocaine. The defendant indicated that it belonged to a friend and that it might contain cocaine. The officer then proceeded to open two compacts found in the purse. The court held that, although the officer was not entitled to search the compacts incident to the arrest for shoplifting, *see State v. Caraher,* 293 Or 741, 653 P2d 942 (1982), he was entitled to do so incident to an arrest for possession of narcotics *after* he found the transparent vial of white powder, because he then had probable cause to believe that the defendant was in possession of cocaine. The transparent vial "announced its contents."

Here, the only fact on which probable cause could be premised is the finding of a black plastic compact in defendant's boot. The officer had no reason to believe that defendant was under the influence of narcotics and no reason to believe that the compact contained narcotics, other than his general knowledge that contraband is sometimes kept in compacts. *Owens* tells us that probable cause has both a subjective and objective component. The officer may have had a *subjective* belief that defendant possessed a controlled substance; *objectively,* he may have had a suspicion, even a well-founded suspicion; however, "a suspicion, no matter how well-founded, does not rise to the level of probable cause." *State v. Verdine,* 290 Or 553, 624 P2d 580 (1981). Unlike a paperfold, known on the street as a "bindle," in *State v. McCrory,* 84 Or App 390,

734 P2d 359 (1987), which is customarily used as a unique container for cocaine, the compact did not announce its contents.

Lacking probable cause to arrest defendant for possession of a controlled substance, the police were not authorized to search the compact. It should have been listed in the inventory only by its outward appearance. The motion to suppress should have been granted.

Warren, Newman and Graber, JJ., join in this dissent.